Timothy P. Thomas, Esq.
Nevada Bar No. 5148
Law Office of Timothy P. Thomas, LLC
1771 E. Flamingo Rd., Ste. 212-B
Las Vegas, NV 89119
(702) 227-0011 Fax (702) 227-0334
tthomas@tthomaslaw.com
*Attorney for Debtors*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:

KENNETH RAY MCMAHAN,

              Debtor.

) Case No: 18-12586-ABL
) Chapter 7
)
)
) Date: December 20, 2018
) Time: 11:00 a.m.

## OPPOSITION TO MOTION TO SELL NON-EXEMPT ASSETS AND MOTION TO EMPLOY AN ONLINE AUCTIONEER

KENNETH RAY MCMAHAN, ("Debtor" or "McMahan"), by and through his counsel the Law Office of Timothy Thomas ("Thomas Firm"), and oppose the Motion to Sell Non-Exempt Assets and Employ an online auctioneer, ("Motion"). This Opposition is made and based upon the following points and authorities, the papers and pleadings on file herein, and any argument of counsel presented at any hearing held in respect to this application.

### I. STATEMENT OF FACT

1. On May 3, 2018, Debtor filed his Voluntary Petition under Chapter 7 of the U.S. Bankruptcy Code through the Ballstaedt Law Firm.

2. Debtor listed ownership of real property located in Canadian County, State of Oklahoma, Property ID: 060041-001006-0000A2, Location 11307-11307-110309 NW 12<sup>th</sup>ST PL. ("Property").

3. Debtor listed in the schedules that the Property is subject to a secured mortgage claim of approximately $263,000.

4. Debtor indicated an interest in repurchasing the Property from the Trustee at the Meeting of Creditors.

5. Debtor received his discharge in this case on August 1, 2018. [Dkt. 27].

6. Debtor has not received further contact from the Trustee on the intent to purchase the Oklahoma Property.

7. On November 21, 2018, the Trustee filed the Motion to Sell Non-Exempt Property.

8. Debtor did not receive notice of the intended sale or motion until he was notified by a tenant on the Oklahoma Property on or about December 3, 2018.

9. Debtor's counsel, Seth Ballstaedt failed to respond to the Debtor's inquiries regarding the motion and the intended sale of the Property.

10. Trustee proposes to employ an on-line auctioneer to sell the Property. The proposed sale lists that the Property is being sold subject to the current lien of $263,000, and proposing to sell the title and equity to the Property with bids beginning at $7,000. If the sale is not successful, the Trustee intends to reduce the price and rerun the sale at a lower minimum price.

11. The auctioneer BKAssets is to be paid a commission of 10% on the gross receipts of the sale. The proposed costs amount to approximately $600. These costs may be duplicated in the event of a rerun of the auction sale at a lower price at a future date.

12. The Debtor proposes to repurchase the Property from the Trustee for the amount of $5,000. This purchase price will not be subject to reduction for commission or closing costs.

## II. STATEMENT OF LAW

A motion to sell non-exempt property under 11 U.S.C. 363(b)(1) requires that the motion be approved upon proper notice and hearing before the Court. The Trustee must show that the proposed sale is in the best interest of the estate and the creditors.

The Trustee does not include any verification of title to the Property or the liens secured by the Property. There is not evidence of valuation to show that sufficient equity exists in the Property to warrant the sale for more than $5,000 offered by the Debtor. The Trustee does not acknowledge the interest of the Debtor in purchasing the Property in the Motion.

A property may be of "inconsequential value" to the estate to warrant abandonment under 11 U.S.C. 554. *Johnston v. Webster (In re Johnston)*, 49 F.3d 538 (9th Cir. 1995). In the event that the Trustee does not recover the minimum reserve in the auction, the Property should be deemed abandoned to the Debtor as the equity will be so insignificant as to be deemed "inconsequential".

In the instant case, the procedures of the sale and the proposed sales price include costs and expenses that are less beneficial to the interests of creditors that the completion of a sale directly to the Debtor. The proposed auction would include potential costs in excess of $1,500, which will result in the estate recovering no more than the proposed sale to the Debtor, which would avoid such costs. The 10% commission is excessive and beyond the normal market commission for such a sale.

WHEREFORE, Debtor respectfully requests that this Court deny the motion to employ the on-line auctioneer and to deny the Motion to Sell Non-exempt assets as not properly noticed to the Debtor, and not in the best interests of creditors and such other relief as is just in the circumstances.

Dated this 06 day of December, 2018.

Submitted by:
LAW OFFICE OF TIMOTHY P. THOMAS, LLC

Timothy P. Thomas, Esq.
Nevada State Bar No. 5148
1771 E. Flamingo Rd., Ste. 212-B
Las Vegas, NV 89119
(702)227-0011
Counsel for Debtor

-4-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the following: OPPOSITION TO MOTION TO SELL NON-EXEMPT ASSETS AND TO EMPLOY ON-LINE AUCTIONEER was served on this 06 of December, 2018, by:

Electronic service to the ECF service matrix and by depositing a true and correct copy of the above in a mailbox of the US Post Office, enclosed in a sealed envelope, postage prepaid thereon, addressed to the following interested parties:

Brian D. Shapiro, Esq.
Chapter 7 Trustee
510 S. 8th Street
Las Vegas, NV 89101

Submitted by: _____

An employee of The Law Office of Timothy P. Thomas, LLC